UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　　　Case No. 3:18-cr-571

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Douglas Wayne Kemp,

　　　　　　Defendant.

## I.　INTRODUCTION AND BACKGROUND

On October 3, 2018, Defendant Douglas Wayne Kemp was indicted by a federal grand jury on one count of attempted sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and 1594(a), and one count of attempted coercion and enticement, in violation of 18 U.S.C. § 2422(a). (Doc. No. 5). The charges arose from private messages exchanged between Kemp and Alex Hunt, an FBI agent posing as a 17-year-old girl, over the course of approximately two months in the summer of 2018. (*See* Doc. No. 37 at 1-2).

The government has filed a motion requesting that Kemp "be required to submit to a psychological evaluation by a psychological expert chosen by the government in order to rebut psychological testimony and evidence that the defense has stated would be introduced at trial to challenge the knowingly element of the offenses [charged] and to support [Kemp's] requested entrapment defense." (Doc. No. 66 at 1). Kemp opposed the government's motion, (Doc. No. 68),

and the government filed a brief in reply. (Doc. No. 69). For the reasons stated below, I grant the government's motion.

## II. DISCUSSION

The Supreme Court has held "that where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal." *Kansas v. Cheever*, 571 U.S. 87, 94 (2013) (citing *Buchanan v. Kentucky*, 483 U.S. 402, 408, 422 (1987)).

Kemp acknowledges he intends to present testimony from a forensic psychologist who previously conducted a psychological evaluation at the request of prior defense counsel. (Doc. No. 68 at 1; Doc. No. 68-1). But, Kemp contends, it would be improper to permit a government expert to evaluate him because his expert witness will not provide opinion testimony at trial regarding whether Kemp acted "knowingly," an essential element of the offenses charged. (Doc. No. 68 at 2).

Kemp's argument is not persuasive. While his expert witness may not expressly offer an opinion on the "knowingly" element, Kemp concedes the defense expert will offer his opinion "that the combination of Mr. Kemp's low intellect and untreated mood disorder and ADHD would have contributed to deficits in his capacity to appreciate the risks and consequences of his behavior and also influenced his illegal conduct in terms of his impulsivity and low frustration tolerance." (*Id.* at 3). In other words, the defense intends to present evidence that Kemp's mental state reduces his culpability for the offenses with which he is charged. Whether this evidence is described as addressing Kemp's "requisite mental state," *Cheever*, 571 U.S. at 94, or his "limited intellectual function," (Doc. No. 68 at 3), is a distinction without a difference.

When, as is true in this case, "the defense expert's evidence is based upon an examination of the defendant, 'the only effective means of challenging that evidence [is] testimony from an expert who has also examined him.'" *United States v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5414786,

2

at *2 (N.D. Cal. Sept. 9, 2020) (quoting *Cheever*, 571 U.S. at 94)). *See also United States v. McMahan*, 129 F. App'x 924, 930 (6th Cir. 2005) (A "district court is authorized to order a reasonable, non-custodial psychological examination when a defendant raises a defense presenting evidence of diminished capacity.") (citing *United States v. Davis,* 93 F.3d 1286, 1293 (6th Cir. 1996)); *United States v. Fell*, No. 5:01-CR-12-01, 2015 WL 13781291, at *1 (D. Vt. Oct. 9, 2015) ("If Fell ultimately does elect to present evidence regarding his mental state through a psychological expert who has examined him, then the government may challenge that evidence with testimony from its own examining expert.").

Kemp also argues an examination by the government's expert would involve "unnecessary and potentially quite prejudicial access to the Defendant" and contends he will not waive his "5th Amendment right to remain silent, nor his 6th Amendment right to counsel" for the evaluation. (Doc. No. 68 at 4). But a defendant cannot "present expert testimony on his mental condition and yet refuse, on Fifth Amendment grounds, to answer questions put to him by the government's experts." *United States v. Sampson*, 335 F. Supp. 2d 166, 247 (D. Mass. 2004) (citing Fed. R. Crim. P. 12.2(d) and *United States v. Bartelho,* 129 F.3d 663, 673–74 (1st Cir. 1997)). *See also Cheever*, 571 U.S. at 93 (noting the Court held in *Buchanan* that "the Fifth Amendment allow[s] the prosecution to present evidence from the [psychological] evaluation to rebut the defendant's affirmative defense of extreme emotional disturbance). Rule 12.2 provides strict protection for defendants in these circumstances, stating:

> [n]o statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant . . . has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1) . . . .

Fed. R. Crim. P. 12.2(c)(4).

3

Further, as other courts have held, "[t]he Sixth Amendment does not guarantee any right to the physical presence of defense counsel at a government mental health evaluation of a criminal defendant." *Fell*, 2015 WL 13781291, at *2 (citing cases). Courts may order that various steps be taken to protect the defendant's rights, including that the evaluation be video recorded so that defense counsel is fully informed of the nature and scope of the questions asked and can "gather information for cross-examination" of the government's expert. *Sampson*, 335 F. Supp. 2d at 248. *See also United States v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5414786, at *3-5 (N.D. Cal. Sept. 9, 2020).

I conclude the government is entitled to a psychological evaluation of the Defendant by a psychological expert of its choosing, and that this mandatory evaluation does not violate the Defendant's Fifth or Sixth Amendment rights.

### III. CONCLUSION

For the reasons set forth above, I grant the government's motion for a psychological evaluation of the Defendant. (Doc. No. 68). Kemp's refusal to participate with the government expert's evaluation, whether on the asserted constitutional grounds or for another reason, will result in the preclusion of Kemp's expert's testimony. Further, I order the government to video- and audio-record the evaluation so that defense counsel may review it.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge